JOSEPH HYLAND *vs.* CHANDLER GIDDINGS.

Work performed according to a special contract, after the contract has, as the workman contends, been terminated by his employer, cannot be recovered for on *quantum meruit*, without proof of a new engagement.

*It seems*, that an answer to an action for wages does not, by relying upon a special contract only, admit the value alleged by the plaintiff.

DEWEY, J. To an action of contract, in which the plaintiff seeks to recover for certain labors and services performed for daily wages, the defendant sets up in defence that the labor was performed under a special contract, and that, computing the rate of services rendered by the plaintiff by the price fixed by the special contract, they would be fully paid for. Such special contract was admitted, but the plaintiff insisted that this contract was terminated by the conduct of the defendant, and that for work done after this period, although within the time

stipulated in the special contract, the plaintiff might recover wages by the day. But the court ruled that for services thu performed the plaintiff was not entitled to recover wages by the day, without proof that the defendant assented to pay the plaintiff by the day. The plaintiff declined to go to the jury upon that point, thus conceding that there was no evidence to show such assent. Although the plaintiff may have had good reason for leaving the defendant's service, and might have maintained an action upon the special contract for any damages sustained by the breach thereof, yet if he voluntarily returned to the service, after having left him, and continued to do those services which were embraced in the special contract, it is to be taken that those services were rendered under the special contract, no evidence being offered of a new employment under other and different stipulations. This view of the case was properly taken by the court of common pleas.

Another point incidentally arose upon the trial, as to the effect of the answer in admitting the value of the plaintiff's wages by the day, as charged in his bill of particulars. This point seems upon the final disposition of the case to have become quite immaterial, as the defence went, not to the proper value of day wages for services of the plaintiff, but to his right to day wages at all. Whether the ruling had been as requested by the plaintiff, or as was actually given, the result must have been the same, the rate of wages having been solely determined by the terms of the special contract. It would seem however that an answer that the labors and services, for which the plaintiff, in his bill of particulars, demanded wages by the day at a sum named, were performed under a special contract for services for a year at the rate of twenty dollars a month, would be a denial of the charge in the bill of particulars of $1.25 for each day's labor.                                            *Exceptions overruled.*

*P. E. Aldrich,* for the plaintiff.

*G. F. Hoar,* ( *C. Devens, Jr.* with him,) for the defendant.